UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DUANE E. DAVIS, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | No. 3:05cv0455 AS |
| ) | |
| JOHN VANNATTA, ) | |
| ) | |
| Respondent ) | |

*MEMORANDUM OPINION AND ORDER*

On or about July 29, 2005, *pro se* petitioner, Duane E. Davis, an inmate at the Miami Correctional Facility (MCF) in Bunker Hill, Indiana, filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on November 29, 2005, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The petitioner filed a Traverse on December 22, 2005, which this Court has carefully examined.

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition he was incarcerated in the MCF. He was the subject of a prisoner disciplinary proceeding which recommended and approved a disciplinary segregation of six months which does not implicate a liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). However, it was also recommended that he be demoted from credit class I to credit class II and that he sustain a credit time deprivation of 120 days, which implicates *Wolff v. McDonnell*, 418 U.S. 539 (1974). The underlying disciplinary proceeding is designated as IYC 05-01-0037. There has been compliance here with the

procedural demands of *Wolff*, and the evidence here is sufficient under *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and under the "some evidence" test applicable in this circuit. *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996). The comments and actions here of Mr. Penfold do not appear to run afoul of the standards established in *Redding v. Fairman*, 717 F.2d 1105 (7th Cir. 1983), *cert. denied*, 465 U.S. 1025 (1984).

It needs to be remembered here that this case under 28 U.S.C. §2254 focuses on violations of Constitution, treaties and laws of the United States. *See Haas v. Abrahamson*, 910 F.2d 384 (7th Cir. 1990), and *Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. den.*, 489 U.S. 1088 (1989). The focus is not on violations of state law or regulations. *See Estelle v. McGuire*, 502 U.S. 62 (1991). When it all said and done, the due process clause of the Fourteenth Amendment was not violated here. Generally, the so-called ADP provisions are under the rubric of state law. *See Hester v. Mc Bride*, 966 F.Supp. 765 (N.D. Ind. 1997).

As a general proposition, it is not for this court to gainsay the determinations of credibility made in this species of proceeding. For all of these reasons, there is no basis here stated for relief under 28 U.S.C. §2254. Such relief is now **DENIED. IT IS SO ORDERED**.

**DATED:** January 3, 2006

                                                **S/ ALLEN SHARP**
                                      **ALLEN SHARP, JUDGE**
                                      **UNITED STATES DISTRICT COURT**